UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS GRAY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:12-cv-225-NT |
| | ) |
| SAVAGE SERVICES CORPORATION, | ) |
| | ) |
| Defendant | ) |

*MEMORANDUM DECISION AND ORDER ON MOTION TO QUASH SUBPOENA*

The State of Maine Department of Labor ("Department"), a non-party to this case, moves pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii) to quash a subpoena served upon it by the defendant seeking unemployment records of the plaintiff. *See generally* State of Maine Department of Labor's Motion To Quash ("Motion") (ECF No. 21). The Department contends that it is not permitted by applicable state or federal law to release the requested records voluntarily, although it has no objection to releasing them pursuant to court order with whatever protections the court deems appropriate. *See id*. ¶¶ 8, 11.

The defendant opposes the motion, observing that (i) the plaintiff, whose records are requested, does not seek to quash the subpoena, (ii) the requested materials are relevant, and (iii) the defendant will treat any documents obtained pursuant to the subpoena as confidential pursuant to the confidentiality order already entered in this case at ECF No. 13. *See generally* Defendant's Opposition to State of Maine Department of Labor's Motion To Quash ("Opposition") (ECF No. 22).

For the reasons that follow, the Motion is denied, with the caveat that the defendant is ordered to (i) designate and treat all information obtained pursuant to the subpoena as

1

confidential pursuant to the confidentiality order entered at ECF No. 13 and (ii) reimburse the Department its costs of copying the subpoenaed documents.

## I. Applicable Legal Standards

Federal Rule of Civil Procedure 45 directs that, on timely motion, an issuing court must quash or modify a subpoena that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(c)(3)(A)(iii).

## II. Discussion

As the Department notes, *see* Motion ¶ 4, the Maine Employment Security Law provides, in relevant part:

> Information . . . obtained from any individual pursuant to the administration of this chapter, except to the extent necessary for proper presentation of a claim, must be held confidential and may not be published or opened to public inspection, other than to public employees in the performance of their public duties or to any agent of an agency that is under contract with a state or local child-support agency, or to any agent of an agency that is under contract or subcontract with the state employment and job training agency, pursuant to safeguards established by the commissioner, in any manner revealing the individual's or employing unit's identity, but the department shall, upon request, provide to any party to an adjudicatory proceeding information from the records relating to the proceeding.

26 M.R.S.A. § 1082(7).

The Law Court has construed this provision "as prohibiting voluntary disclosure by the [Department] but not as prohibiting mandatory disclosure . . . when required by a court of competent jurisdiction[.]" *Pooler v. Maine Coal Prods.*, 532 A.2d 1026, 1028 (Me. 1987) (citation and internal quotation marks omitted).

As the Department also observes, *see* Motion ¶ 7, federal regulations governing the confidentiality and disclosure of state unemployment compensation information provide, in relevant part:

> Except as provided in paragraph (b) of this section, when a subpoena or other compulsory process is served upon a State UC [Unemployment Compensation] agency or the State, any official or employee thereof, or any recipient of confidential UC information, which requires the production of confidential UC information or appearance for testimony upon any matter concerning such information, the State or State UC agency or recipient must file and diligently pursue a motion to quash the subpoena or other compulsory process if other means of avoiding the disclosure of confidential UC information are not successful or if the court has not already ruled on the disclosure. Only if such motion is denied by the court or other forum may the requested confidential UC information be disclosed, and only upon such terms as the court or forum may order, such as that the recipient protect the disclosed information and pay the State's or State UC agency's costs of disclosure.

20 C.F.R. § 603.7(a).

Pursuant to paragraph (b)(1) of that regulation, the "requirement of paragraph (a) . . . to move to quash subpoenas shall not be applicable, so that disclosure is permissible, where . . . a subpoena or other compulsory legal process has been served and a court has previously issued a binding precedential decision that requires disclosures of this type, or a well-established pattern of prior court decisions have required disclosures of this type[.]" *Id.* § 603.7(b)(1).

Neither the Department nor the defendant cites a binding precedential decision or well-established pattern of prior court decisions requiring disclosures of this type, *see generally* Motion; Opposition, and my research reveals none. The Department properly moved to quash the subpoena. However, I deny its motion for the following reasons:

1. As the Department concedes, both the Maine statute and the federal regulation permit disclosure of the requested information pursuant to a court order. *See* 20 C.F.R. § 603.7(a); 26 M.R.S.A. § 1082(7); *Pooler*, 532 A.2d at 1028.

2. Both the statute and the regulation aim to protect the confidential information of employees and employers, *see id.*, yet neither the plaintiff nor any of his former employers has filed a motion to quash or otherwise objected to the release of his or its information. Indeed, the

defendant states that counsel for the plaintiff has represented to its counsel that the plaintiff does not seek to quash the subpoena. *See* Opposition at 1.

3. The defendant represents that it will treat the information that it obtains pursuant to the subpoena as confidential pursuant to the confidentiality order already entered in this case, *see id.* at 3, an appropriate protection that I have incorporated into my order, below.

4. No one contends that the information at issue is privileged, and the defendant makes an adequate showing of its relevance, specifically, that it is relevant to questions of the plaintiff's credibility, the defendant's after-acquired evidence defense that the plaintiff supplied inaccurate information in his application for employment with the defendant, and the plaintiff's mitigation of damages through job search efforts. *See id.* at 1-3. The subpoenaed information, hence, is discoverable. *See* Fed. R. Civ. P. 26(b)(1).

5. The Department requests that the defendant (mistakenly referred to as the plaintiff) be ordered to pay its costs of producing the subpoenaed documents, *see* Motion ¶ 10, and the defendant agrees to reimburse the Department for its copying costs, *see* Opposition at 3, a provision that I have incorporated into my order, below.

### III. Conclusion

For the foregoing reasons, the Department's motion to quash the subpoena issued to it by the defendant is **DENIED**, and the Department is **ORDERED** to produce the subpoenaed documents forthwith to the defendant. The defendant is **ORDERED** to designate and treat all information received pursuant to the subpoena as confidential pursuant to the confidentiality order entered at ECF No. 13 and to reimburse the Department its costs of copying the subpoenaed documents.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 26th day of April, 2013.

                                                         /s/  John H. Rich III
                                                         John H. Rich III
                                                         United States Magistrate Judge